UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Aundrae Allison, | Civ. No. 26-399 (PAM/SGE) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| City of Eagan, Minnesota; City of Eagan Police Department; Aaron Machtemes[1], Officer, in his individual and official capacities; Lisa Fancher, Detective, in her individual and official capacities; Mark Kritzeck, Detective in his individual and official capacities; John Does 1–10, inclusive, being unknown officers, supervisors, records custodians, NCIC/database liaisons, and other persons acting under color of state law, whose identities will be ascertained through discovery; Kailee Elizabeth Allison; Stephanie Olson; Molly Boese[2]; Vivian Peters; and John Peters; | |
| Defendants. | |

This matter is before the Court on Defendants' Motions to Dismiss.  For the following reasons, the Motions are granted.

Plaintiff Aundrae Allison brings this action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights against his wife, Kailee Allison, four of her relatives, the City of Eagan, the Eagan Police Department, Officer Aaron Machtemes, and Detectives

---

[1]     Defendant Machtemes's last name is misspelled in the Complaint.
[2]     Defendant Molly Boese was improperly named as "Molly Peters" in the Complaint.

Lisa Fancher and Mark Kritzeck, as well as other unnamed individuals. This lawsuit arises out of a fraught child-custody dispute and Plaintiff's arrest and prosecution for a since-dismissed charge of felony deprivation of parental rights in violation of Minn. Stat. § 609.26.1(3). Facts necessary to the discussion will be incorporated below.

In brief, Plaintiff alleges that Defendants have conspired to deprive him of his civil rights and parental rights. Plaintiff raises claims for false arrest and unlawful seizure, due process violations, malicious prosecution, civil conspiracy, "abuse of authority" and abuse of process under color of law, "use of false or stale information" and "omitted exculpatory facts," "deprivation of parental rights/family integrity," "continued enforcement of a void warrant," defamation, and intentional infliction of emotional distress. (See Compl. (Docket No. 1).) Plaintiff also brings a Monell claim against the City of Eagan. Additionally, he seeks various injunctive relief.

The Defendants move to dismiss the claims against them for Plaintiff's failure to properly serve them and to state a claim against them.[3] The Court will discuss Defendants' arguments in turn.

A.    **Failure to Serve**

Defendants Kailee Elizabeth Allison, Stephanie Olson, Molly Boese, Vivian Peters, and John Peters (collectively, the "private Defendants"), all private citizens, move to

---

[3]    The Court understands that the City Defendants are no longer pursuing their arguments regarding the fugitive-disentitlement doctrine and the Younger abstention doctrine, due to the dismissal of Plaintiff's underlying criminal action in State of Minnesota v. Aundrae Akeem Allison, Court File No. 19HA-CR-25-2074. (See Decl. of Vicki A. Hruby (Docket No. 46) at ¶ 5.)

dismiss the claims against them because Plaintiff failed to serve them, and, alternatively, for failure to state a claim. Before the time to serve process had expired, Plaintiff sought additional time to do so. Even if the Court had allowed more time, the outcome of the proceedings would not differ. Plaintiff utterly fails to state a plausible claim, as described below.

## B.    Failure to State a Claim

To survive a motion to dismiss under Rule 12(b)(6), a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Fed. R. Civ. P. 12(b)(6). A claim bears facial plausibility when it allows the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When evaluating a motion to dismiss under Rule 12(b)(6), the Court must accept plausible factual allegations as true. Gomez v. Wells Fargo Bank, N.A., 676 F.3d 655, 660 (8th Cir. 2012). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to support a claim. Iqbal, 556 U.S. at 678. At this stage, the Court assumes the allegations are true and views them in the light most favorable to the non-moving party. See Miller v. Redwood Toxicology Lab., Inc., 688 F.3d 928, 933 n.4 (8th Cir. 2012).

Construing Plaintiff's claims as true, he is not entitled to relief. As an initial matter, the Complaint fails to specify which claims are brought against which Defendants. Indeed, it does not identify any specific action or statement by any particular Defendant, nor does it supply the factual context needed to be "plausible" under Iqbal and Twombly. Merely

3

reciting the elements of a claim is not sufficient to state a claim under Rule 12 and Plaintiff fails to identify any fact supporting a colorable claim, as described more fully below.

In response to some of the City Defendants' claims, Plaintiffs cites cases but fails to offer any argument as to why they apply here. The Court could therefore dismiss this lawsuit on that basis, as Plaintiff's failure to oppose Defendants' arguments results in waiver of the claims. Even if Plaintiff had more substantively responded to the Motions, that would not cure the defects in the Complaint.

### 1.    Claims against Private Defendants

The private Defendants argue first that any claims against them under 42 U.S.C. § 1983 must be dismissed because there is no allegation that they were acting under color of state law. The statute provides for a civil remedy only against state action. See Lugar v. Edmonson Oil Co., 457 U.S. 922, 937 (1982) (state action requires that "the party charged with the deprivation . . . be a person who may fairly be said to be a state actor").

No § 1983 claim will lie when the acts complained of are committed by private actors. See Blum v. Yaretsky, 457 U.S. 991, 1002 (1982) (Section 1983 does not reach "merely private conduct, however discriminatory or wrongful") (quoting Shelley v. Kraemer, 334 U.S. 1, 13 (1948)). A private actor "will not be held to constitutional standards unless there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 52 (1999) (quotation omitted).

A claim that a private actor has acted as the State for purposes of a § 1983 claim requires much more than what Plaintiff has alleged. See Blum, 457 U.S. at 1004 (stating that a private entity's decisions are deemed State action only when the State "has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State"). Plaintiff's § 1983 claims against the private citizens here fall far short of including the requisite allegations of "coercive power" or "significant encouragement" by the State. The Complaint's only mention of any conduct by Kailee Allison and the other private Defendants is that they "knowingly and willfully participated in false reporting, escalation of allegations, logistical coordination, and joint activity with state actors to misuse judicial and law-enforcement processes, thereby acting in concert with state officials for purposes of liability under 42 U.S.C. § 1983." (Compl. ¶ 38.) Plaintiff's § 1983 claims against the private Defendants therefore fail to state a claim and are dismissed.

### 2.    Claims Against the City of Eagan Police Department

Plaintiff's claims against the Eagan Police Department also fail as a matter of law. Police departments are not legal entities subject to suit. Indeed, "municipal police departments 'are simply departments or subdivisions of the City government.'" Campbell v. Hennepin Cnty. Sheriffs, Civ. No. 19-1348, 2020 WL 589547, at *7 (D. Minn. Jan. 21, 2020) (Wright, M.J.), report and recommendation adopted, 2020 WL 586770 (D. Minn. Feb. 6, 2020) (Frank, J.) (quoting Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (8th Cir. 1992)).

### 3.    Claims against City Defendants

Plaintiff's claims against the remaining Defendants fare no better.  All of the law enforcement Defendants are entitled to qualified immunity.  Qualified immunity protects police officers from suit unless "their conduct . . . violate[s] clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  To evaluate whether an officer is entitled to qualified immunity, the Court must determine whether the facts alleged "make out a violation of a constitutional right."  Pearson v. Callahan, 555 U.S. 223, 232 (2009).  The Court must also determine whether the right at issue was "clearly established" at the time of the alleged misconduct.  Saucier v. Katz, 533 U.S. 194, 201 (2001).  Thus, a police officer is "entitled to summary judgment based on qualified immunity unless (1) the evidence, viewed in the light most favorable to the nonmoving party, establishes a violation of a federal constitutional or statutory right, and (2) the right was clearly established at the time of the violation."  Capps v. Olson, 780 F.3d 879, 884 (8th Cir. 2015).

The Supreme Court has emphasized that the qualified-immunity inquiry should focus on whether there are any cases "where an officer acting under similar circumstances as [the defendant officer] was held to have violated the [Constitution.]"  White v. Pauly, 580 U.S. 73, 79 (2017).  In other words, while there does not have to be a case "'directly on point' for a right to be clearly established, 'existing precedent must have placed the statutory or constitutional question beyond debate.'"  Id. at 79 (quoting Mullenix v. Luna, 577 U.S. 7, 12 (2015)).  The legal question for the Court to answer is "whether the facts

6

alleged by the plaintiff are a violation of clearly established law." Franklin for Estate of Franklin v. Peterson, 878 F.3d 631, 635 (8th Cir. 2017).

Plaintiff fails to establish that any Defendant violated clearly established law. Although Plaintiff lists several cases, he does not explain how they may apply here. Regardless, the cases do not support Plaintiff's allegations. Defendants Machtemes, Fancher, and Kritzeck are entitled to qualified immunity. But even if they were not so entitled, Plaintiff fails to state any claim against them.

### a.    Monell Claim

As discussed above, Plaintiff fails to allege any underlying constitutional violation. Without such a plausibly pled constitutional violation, there is no Monell liability. See Sanders v. City of Minneapolis, 474 F.3d 523, 527 (8th Cir. 2007) ("Without a constitutional violation by the individual officers, there can be no § 1983 or Monell . . . municipal liability."). The Monell claim thus fails.

### b.    Claims against Machtemes and Fancher

The only allegations in the Complaint mentioning Defendants Officer Machtemes and Detective Fancher are that they contacted him via phone on September 26 and November 26, 2025. (Compl. ¶¶ 10, 20, 53, 55.) Plaintiff claims that Defendants' phone calls to him violated an unspecified constitutional right. "Questioning suspects is legitimate investigative conduct." Myers v. Morris, 810 F.2d 1437, 1463 (8th Cir. 1987), abrogated by Burns v. Reed, 500 U.S. 478 (1991). Thus, Defendants' Motion is granted as to all claims against Defendants Machtemes and Fancher.

7

### c.    False Arrest and Unlawful Seizure

Plaintiff alleges that his arrest lacked probable cause and that Defendants unlawfully seized him.  The Complaint states that Plaintiff was arrested by the Charlotte-Mecklenburg Police Department in North Carolina.  (Compl. ¶ 23.)  Plaintiff pleads no facts suggesting that any City Defendant participated in his arrest, took any action to obtain an arrest warrant, or was in any way involved in those events.  This claim is dismissed.

### d.    Procedural Due Process

For a procedural due process claim to survive a motion to dismiss, a plaintiff must plausibly plead that the defendant deprived him of a life, liberty, or property interest that the Fourteenth Amendment protects.  Hughes v. City of Cedar Rapids, Iowa, 840 F.3d 987, 994 (8th Cir. 2016).  A plaintiff must also plead that such deprivation occurred without "the opportunity to be heard at a meaningful time and in a meaningful manner."  Schmidt v. Des Moines Pub. Sch., 655 F.3d 811, 817 (8th Cir. 2011) (quotation omitted).

Plaintiff alleges that he was deprived of his parental rights in violation of "family integrity."  (Compl. ¶¶ 77–78, 90.)  Plaintiff's interest of familial integrity is undoubtedly a "potent interest[] entitled to great deference," however, the state's interest in protecting children "is also of signal importance."  In re Scott Cnty. Master Docket, 672 F.Supp. 1152, 1169 (D. Minn. 1987) (MacLaughlin, J.).  Plaintiff alleges that a North Carolina court enforced two custody orders issued by a Minnesota state court.  However, he concedes that he successfully challenged those orders and that they were vacated on December 19 and December 22, 2025, respectively.  (See Compl. ¶ 26; Decl. of Riley P. Boehm (Docket

8

No. 12) Exs. 18, 19.)  Thus, Plaintiff received the process he was due, and his procedural due process claim fails as a matter of law.

### e.    Substantive Due Process

As the Supreme Court has made clear, "the Due Process Clause provides that certain substantive rights—life, liberty, and property—cannot be deprived except pursuant to constitutionally adequate procedures." Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 541 (1985).  To sufficiently allege that he was deprived of his right to due process, Plaintiff must first establish "a legitimate claim of entitlement to an identifiable property or liberty interest." Hughes v. Whitmer, 714 F.2d 1407, 1414 (8th Cir. 1983).  One element of such a claim is "that the government action complained of is truly irrational, that is something more than . . . arbitrary, capricious, or in violation of state law." Ganley v. Minneapolis Park & Recreation Bd., 491 F.3d 743, 749 (8th Cir. 2007) (quotations omitted). The government action in question must be truly "conscience-shocking." Creason v. City of Washington, 435 F.3d 820, 825 (8th Cir. 2006).  Plaintiff's allegations fall far short of indicating any such conduct.

The sole remaining allegation against any City Defendant is that Detective Kritzeck drafted a criminal complaint based on Plaintiff's violation of the state court's November 26 and December 1, 2025, orders.  Plaintiff acknowledges that the prosecutor "approved and pursued" the complaint against him. (Compl. ¶ 29.) "Although following an attorney's advice 'does not automatically cloak [officers] with qualified immunity,' it can 'show the reasonableness of the action taken.'" Frye v. Kansas City Missouri Police Dep't, 375 F.3d 785, 792 (8th Cir. 2004) (quoting Womack v. City of Bellefontaine Neighbors, 193 F.3d

9

1028, 1031 (8th Cir. 1999)).  Kritzeck's actions were reasonable, and Plaintiff's "Use of False or Stale Information" claim fails as a matter of law.

### f. Abuse of Process and Malicious Prosecution Claims

Plaintiff claims that "Defendants abused law-enforcement and legal-process mechanisms to accomplish a custody outcome and criminal restraints without jurisdiction, lawful predicate, or adjudication."  (Compl. ¶ 86.)  He further alleges that Defendants "initiated and maintained" a malicious prosecution against him.  (Id. ¶¶ 80–81.)  "[A]buse of process—as a claim separate from a claim that there was no probable cause to make the arrest or institute the prosecution—is not cognizable as a civil rights violation under § 1983."  Fagnan v. City of Lino Lakes, 914 F. Supp. 2d 1019, 1025 (D. Minn. 2012) (Doty, J.) (quoting Santiago v. Fenton, 891 F.2d 373, 388 (1st Cir. 1989)).  Also, "a claim of malicious prosecution, without more, does not state a constitutional claim."  Robinson v. Norling, 25 F.4th 1061, 1063 (8th Cir. 2022) (quotation omitted).  "Whatever 'more' is required, [Plaintiff] does not provide it."  Id.  Plaintiff's abuse of process and malicious prosecution claims are without merit.

### g. Civil Conspiracy

Dickson alleges that Defendants conspired to violate his civil rights.  To state a claim of civil conspiracy under § 1983, Plaintiff must allege that (1) Defendants conspired to deprive him of his constitutional rights; (2) at least one alleged co-conspirator engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured him.  White v. McKinley, 519 F.3d 806, 814 (8th Cir. 2008).  "In the absence of a [constitutional] violation, there is no actionable conspiracy claim."  Torgerson v. Roberts Cnty. of S.

10

Dakota, 139 F.4th 638, 646 (8th Cir. 2025) (quoting Cook v. Tadros, 312 F.3d 386, 388 (8th Cir. 2002)).  Because Plaintiff has not plausibly pled that his constitutional rights were violated or any co-conspirator engaged in an overt act in furtherance of the alleged conspiracy, his conspiracy claim fails as a matter of law.

### h.    State Law Claims

The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims for defamation and intentional infliction of emotional distress.

### C.    Request to Amend

In his opposition memorandum, Plaintiff asks the Court to point out the flaws in his Complaint, so that he can amend the Complaint and cure the flaws.  This request fails to comply with Rule 15.  Even if Plaintiff were to seek leave to amend under Rule 15, the Court would deny that request as futile.

11

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that:**

1.      This action is **DISMISSED with prejudice**;

2.      The City Defendants' Motion to Dismiss (Docket No. 7), Defendants Stephanie Olson, John Peters, Molly Boese, and Vivian Peters' Motion to Dismiss (Docket No. 17), and Defendant Kailee Elizabeth Allison's Motion to Dismiss (Docket No. 27) are **GRANTED**; and

3.      Plaintiff's Motion for Extension of Time to Complete Service (Docket No. 35) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 20, 2026                                    s/ Paul A. Magnuson
                                                                    Paul A. Magnuson
                                                                    United States District Court Judge

12